UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HARVEY K. WARREN,

Plaintiff,

v.

OFFICER DANIEL VANDINE,
OFFICER KEVIN BACKER,
OFFICER JOSPEH MARRONE,
OFFICER FRANK HILLMAN, from
Elmira Police Department,

Defendants.[1]

25-CV-6670-MAV
ORDER

---

## INTRODUCTION

*Pro se* plaintiff Harvey K. Warren, who was formerly incarcerated at the Wallkill Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983 alleging that he was subjected to a false arrest and unlawful search. ECF No. 1. Warren also submitted a motion to proceed *in forma pauperis* ("IFP") with the required affirmation, certification, and authorization, ECF No. 2, and a motion for appointment of counsel. ECF No. 3.

Because Warren satisfied the requirements of 28 U.S.C. § 1915(a) and filed the required documents, he was granted permission to proceed IFP. The Court screened

---

[1] The Clerk of Court is requested to update the docket to reflect the defendants identified in the amended complaint. ECF No. 6.

the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b) and dismissed the complaint with leave to amend.

Before the Court is Warren's amended complaint. ECF No. 6. Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b), the Court dismisses the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) provides Warren with a final opportunity to amend.

## BACKGROUND[2]

The amended complaint offers no additional facts from what was alleged in the complaint. Warren alleges that Elmira Police Department officers "searched and arrested [him] illegally." ECF No, 6 at 5. The complaint attaches a May 23, 2025 Decision and Order from Chemung County Court Judge Ottavio Campanella that suppressed the fruits of a November 10, 2016 search of Warren's person. *Id.* at 12–19.

In short, Judge Campanella's May 23, 2025 Decision and Order explained that a search warrant was executed on November 10, 2016, for John Hatten and Hatten's residence. *Id.* at 13. Warren was located in Hatten's residence at the time of the search. *Id.* Law enforcement handcuffed Warren and transported him to the police department, where an inventory search of his jacket located drugs. *Id.* at 13-15. Judge Campanella concluded that "[w]ithout being the subject of the warrant or being made aware of [Warren's] furtive behavior or overt criminal activity, there was no probable

---

[2] Warren's familiarity with the initial screening order is presumed and will only be repeated as necessary.

cause for an arrest and the level of search conducted of his person was unlawful." *Id.* at 18.

## LEGAL STANDARDS

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).

## DISCUSSION

As the initial screening order explained, Warren's illegal search and seizure and false arrest claims "which accrued in 2016, appear[ ] to be well beyond the three-year statute of limitations." ECF No. 4 at 5–6 (citing *Spinks v. Doe*, No. 24-CV-6607-CJS, 2025 WL 1530763, at *3 (W.D.N.Y. May 29, 2025) ("[T]he search and seizure claim . . . accrued at the time of the search and seizure[.]"); *Wallace v. Kato*, 549 U.S. 384, 397 (2007) (explaining that the statute of limitations for a § 1983 false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal

process"). Nothing in the amended complaint changes that conclusion. *See Spinks*, 2025 WL 1530763 at *1 ("Having screened the amended complaint, the Court finds no reason to disturb its finding that the false arrest claim is time-barred."); *Montague v. City of Rochester*, No. 20-CV-715 (JLS), 2021 WL 2044184, at *4 (W.D.N.Y. May 4, 2021) ("Based on a close review of the Amended Complaint, the Court finds that it does not alter its initial conclusion that Montague's claims are barred by the statute of limitations because they accrued, at the latest . . . when the unlawful . . . searches took place and he was arrested.").

"[F]ederal law, which governs the date of accrual of federal claims . . . , establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks and citation omitted). It appears that Warren "'was present when the search occurred,' and so knew of his cause of action the moment it accrued." *Olaizola v. Foley*, No. 16-CV-3777 (JPO), 2019 WL 428832, at *3 (S.D.N.Y. Feb. 4, 2019) (quoting *Rudaj v. Treanor*, 522 F. App'x 76, 77 (2d Cir. 2013) (summary order)), *aff'd*, 797 F. App'x 623 (2d Cir. 2020)).

However, the statute of limitations may be extended if a plaintiff "is under a disability because of infancy or insanity at the time the cause of action accrues," N.Y. C.P.L.R. § 208(a), or if there are grounds for equitable tolling. *See Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (in order to be entitled to equitable tolling, the plaintiff must demonstrate that "extraordinary circumstances" prevented him from timely

filing this action and that he acted "with reasonable diligence" during the period that he seeks to toll).

While Warren appears to rely on Judge Campanella's May 23, 2025 Decision and Order suppressing the drugs seized during the November 10, 2016 search or the *Mapp* hearing[3] held on January 29, 2025 as the accrual date for his claims, there appear to be no facts that were unavailable prior to the suppression hearing that precluded him from timely filing this action. To the extent Warren may not have understood that his search and arrest constituted Fourth Amendment violations, "[m]ere ignorance of the law is . . . insufficient to delay the accrual of the statute of limitations." *Ormiston v. Nelson*, 117 F.3d 69, 72 n.5 (2d Cir. 1997). Nor is there any indication that Warren was under a disability at the time the claims accrued.

His claims therefore are time-barred, and the amended complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). The Court, however, will give Warren one final opportunity to amend to address whether there was a basis to statutorily or equitably toll the statute of limitations.

## CONCLUSION

For the reasons above, the amended complaint is dismissed under 28 U.S.C.

---

[3] "A *Mapp* hearing is called for when the defendant alleges that physical evidence sought to be used against him or her was obtained illegally by law enforcement officers and is inadmissible at trial." *Montgomery v. Wood*, 727 F. Supp. 2d 171, 186 (W.D.N.Y. 2010).

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Warren may file a second amended complaint by **June 30, 2026** in which he addresses any grounds to statutorily or equitably toll the statute of limitations.

Warren is advised that a second amended complaint **completely replaces** the amended complaint in the action, and thus it "renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any second amended complaint must include all allegations against each Defendant so that the second amended complaint stands alone as the only complaint in this action.

Warren is further advised that he has been granted leave to amend to address the timeliness of the Fourth Amendment claims arising from the November 10, 2016 incident. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

## ORDER

IT HEREBY IS ORDERED that the amended complaint is DISMISSED WITH LEAVE TO AMEND under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim; and it is further

ORDERED that Warren may file a second amended complaint as directed above by no later than **June 30, 2026**; and it is further

ORDERED that the Clerk of the Court shall send to Warren with this order a copy of the amended complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Warren does not file a second amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), will remain dismissed and the Clerk of the Court shall close this case as dismissed with prejudice without further order; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Warren must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:      May 19, 2026
            Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

7